CARROLL, Judge.
The appellant was the defendant and counterclaimant in the trial court. The order appealed from is described in the notice of appeal as a “Post-decretal Order denying expenses and attorney fees sought under Rule 1.380 [FRCP].”
The record submitted on this appeal consists of the motion and the order entered thereon. The motion recited that a request had been served on the plaintiff to produce certain (undescribed) documents; that more than thirty days had elapsed; that the plaintiff had made no objection thereto but had failed to comply. The motion prayed for an order to compel the discovery, as provided for by Rule 1.380(a)(2), 30 F.S.A., and for an order to require the plaintiff to pay to defendant her expenses, including attorney’s fee, incident to said motion, as provided for in subparagraph (a) (4) of the rule.
In ruling on the motion the court ordered production of certain designated documents for inspection and copying, btyt in announced exercise of discretion denied defendant’s application for expenses and attorney’s fee incident to the motion. This appeal by the defendant charges the court committed error in the latter ruling.
*488 Appellant contends that, by the cited rule, allowance of such expenses and attorney’s fee was mandatorily directed. The appellee contends the allowance or denial thereof was a matter within the discretion of the court. Each of those contentions is partially, but not wholly correct.
Rule 1.380 FRCP relates to orders to compel discovery (after notice and hearing on a motion therefor). > Subsection (a)(4) thereof provides “If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorney’s fees, unless the court finds that the opposition to the motion was justified or that other circumstances make an award of expenses unjust” (Italics supplied.).
The mandatory direction in that portion of the rule is modified in two respects. Those are (1) where the court finds that .the opposition to the motion was justified (in a case in which there was such opposition), and (2) discretion to deny the motion for expenses exists where, on the hearing on the motion for expenses, “the court finds that other circumstances make an award of expenses unjust.”
The record in this case does not show the nature of the original action, nor the final judgment which was entered in the cause. Nor does the record reveal what proceedings if any were instituted after judgment, to which the discovery in question may have related. In short, the record fails to disclose the circumstances of the case upon which the trial court may have concluded, as provided for in the rule, “that other circumstances made an award of expenses unjust.” The order appealed from comes here with a presumption of correctness. Whether the circumstances in this case were such as would or would not justify the challenged ruling of the trial court, cannot be determined from the record.
No reversible error having been shown, the order appealed from is affirmed.